# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

_____

302 658 9200
302 658 3989 Fax

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

January 30, 2024

The Honorable Gregory B. Williams                    *VIA ELECTRONIC FILING*
United States District Court
    for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:    *In re: Request from Germany*, C.A. No. 23-1395 (GBW)

Dear Judge Williams:

Pursuant to the Court's January 24, 2024 Oral Order (D.I. 24), Amazon.com, Inc. ("Amazon") hereby responds to Nokia's Section 1782 application (D.I. 1). Nokia has sued Amazon in multiple jurisdictions around the world on a slew of patents—many stale and invalid—to increase marginally its leverage in a licensing negotiation that has been ongoing since 2009. In addition to the two related cases before this Court addressing nearly two dozen patents, there are proceedings pending in Brazil, Germany, India, the UK, the International Trade Commission, and the Unified Patent Court.

The Court should deny the application. Nokia failed to establish that its subpoena is directed at discovery "for use" in the German litigations. Instead, the proposed subpoena seeks information expressly concerning encoding technologies not at issue—in other words, Nokia seeks to leverage the German proceedings to conduct a fishing expedition. Because the statutory "for use" requirement is mandatory, standing alone it warrants denial of the application. But even if the Court proceeds to consider the discretionary factors, it should reach the same result, as this is precisely the abuse of Section 1782 that the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) instructed district courts to gatekeep. Germany has adopted its own party discovery procedures for patent litigations—Amazon is a party there and subject to the patent discovery rules of that forum. Nokia is not seeking just some narrow category of information available exclusively in the U.S.; it seeks to conduct a broad investigation into Amazon's technology. Yet Nokia has not even attempted to use the German courts to obtain the requested discovery because, as Nokia openly admits, it seeks to avoid the proof-gathering restrictions a German court might impose. This request to bypass foreign discovery rules is an abuse of the statute.

The Honorable Gregory B. Williams
January 30, 2024
Page 2

And just as important is the sweeping, intrusive, and highly sensitive nature of the discovery sought. Nokia seeks confidential source code and technical specifications of Amazon's proprietary video encoding technology—but this Court cannot bind the German court through a protective order, and Nokia has not set forth any means by which Amazon's confidential information would be protected once disclosed. This concern typically warrants denial or at least narrowing of an application, since Congress never intended Section 1782 as a vehicle for enterprising litigants to ship the trade secrets of American companies overseas.

Finally, the broader context of the dispute is also relevant here. Party discovery has begun at the ITC and will proceed in the U.S. litigations. It makes more sense for the parties to attempt to negotiate an appropriate scope of foreign use of discovery taken in the patent litigations before this Court—one that does not involve divulging source code to competitors—than for this Court to rule on a series of applications pertaining to several different foreign jurisdictions. The current application should be denied.

1.   **The Court should deny Nokia's application because Nokia failed to make the required showing that its subpoena seeks discovery "for use" in litigation in Germany.**

An applicant must satisfy the mandatory requirements set forth in 18 U.S.C. § 1782. At issue here is that "the discovery must be for use in proceedings before a foreign tribunal." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010); *see Intel*, 542 U.S. at 257. The Court should deny the application because Nokia failed to establish how the information sought here will be "used in" the nascent German proceedings, except by asserting that its vastly overbroad requests could generate some "useful" or "relevant" evidence. *See* App. at 2, 6; Koppelman Decl. (D.I. 1-3) ¶ 19; Smentkowski Decl. (D.I. 1-8) ¶ 10. Indeed, with respect to EP 2 774 375 B1 (the "EP '375 Patent") and EP 2 375 749 B1 (the "EP '749 Patent") As one example, Nokia acknowledges that it sued Amazon in Germany only for alleged infringement of purported video *decoding* claims of its asserted patents. But the discovery it seeks through the application concerns video *encoding*, which Nokia claims to be non-essential. *See generally* D.I. 1-7 (proposed subpoena); App at 3. Section 1782 does not permit Nokia to use the mere existence of a foreign proceeding to conduct a fishing expedition on claims that are not at issue: "the absence of any demonstration of how the information will be used in the foreign proceeding falls short of meeting Section 1782's basic requirements." *In re Yilport Holding A.S.*, No. 22-cv-3028, 2023 WL 2140111, at *6 (D.N.J. Feb. 21, 2023).

2.   **Nokia's application should be denied because Nokia fails to show that the Court should exercise its discretion to allow the subpoena.**

Even if Nokia clears this statutory hurdle, the Court should still deny the application. "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Rather, a district court must balance four factors: "[1] Whether the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible without seeking the aid of § 1782; [2] The nature of the foreign litigation; the character of the proceedings already underway; and the foreign country's receptivity to court assistance from the U.S.; [3] Whether the § 1782 request conceals "an attempt to circumvent foreign proof-gathering limits" or other policies of the foreign country; and [4] Whether the subpoena includes unduly

The Honorable Gregory B. Williams
January 30, 2024
Page 3

intrusive or overly burdensome requests." *Kulzer,* 390 F. App'x at 91. Here, three factors warrant denial.

### a.      Amazon is a party to the German patent litigations.

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." 542 U.S. at 244. This is because, although foreign courts often lack mechanisms to compel discovery from *non-parties*, "[t]hose courts may order [parties] to produce whatever evidence their laws require." *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-mc-193, 2013 WL 646236, at *2 (D. Del. Feb. 21, 2013) (rejecting discovery for use in German (and other) patent litigation). Courts therefore often decline to grant discovery assistance where the respondent is already a party to the foreign proceeding. *See, e.g., id.* Here, Germany has adopted its own rules for taking discovery on alleged patent infringement. Declaration of Benjamin Schröer ("Schröer Decl.") ¶¶ 4-6. But Nokia has not even *attempted* to seek discovery from Amazon in the German courts according to those procedures, instead bypassing the laws of that country and rushing into a U.S. federal court as a first resort. This use of the U.S. judiciary as a first line of attack in a foreign litigation is an abuse of Section 1782. *Via Vadis,* 2013 WL 646236, at *2 (denying application, noting "[d]espite their jurisdiction over [respondent], the foreign courts have not forced [respondent] to produce the requested materials").

### b.      Nokia's requests seek to circumvent German proof-gathering restrictions.

Relatedly, by asking this Court to intervene in party discovery in a foreign litigation, Nokia's application *"*conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." 542 U.S. at 265. On this factor, the court "must consider whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules . . . ." *Kulzer*, 390 F. App'x at 92. The Court may draw reasonable inferences in deciding this factor, and "[a] perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Application of Gilead Pharmasset LLC*, No. 14-mc-243, 2015 WL 1903957, at *4–5 (D. Del. Apr. 14, 2015) (cleaned up).

Germany has its own discovery procedures, both for civil litigation generally and specific to patent infringement claims, that are sufficient to provide plaintiffs with appropriate technical information. Schröer Decl. ¶¶ 4-6. Indeed, Nokia admits that German courts allow for discovery concerning alleged patent infringement, and Nokia as a general matter can therefore obtain discovery from Amazon through the German courts. Yet Nokia came to the U.S. not with a narrow request for discrete information, but asking this Court to referee broad technical discovery, including deciding relevance and confidentiality issues in the first instance instead of allowing German courts to make those decisions. Allowing Nokia to circumvent the German court in this manner is not an appropriate use of Section 1782 and would only encourage other parties to attempt to conduct their foreign patent litigation discovery here.

Nokia admits that "the courts of Germany do not provide for the same degree of discovery as allowed in the United States." App. at 13. In other words, it understands that German courts are best

The Honorable Gregory B. Williams
January 30, 2024
Page 4

positioned to weigh the needs of the litigation against the defendant's interests in avoiding undue burden and protecting confidential information, but Nokia complains that this process provides "access to much narrower discovery" than Nokia wants. *Id.* This evinces an improper attempt to circumvent German discovery procedures. *See also Saint-Gobain Adfors v. 3M*, No. 20-mc-52, 2020 WL 6111632, at *6 (D. Minn. Oct. 16, 2020) (petitioner's "nearly immediate attempt to obtain § 1782 discovery . . . before engaging the discovery process available in the [foreign] proceedings suggests that it is trying to obtain a greater scope of discovery here than would be permitted by the [foreign] Court.").

Unlike a typical Section 1782 application in which U.S. courts are a foreign litigant's only way to obtain discovery from a witness or document custodian located abroad, this application was filed expressly to evade discovery limits that Nokia predicts a German court might impose. *See* Smentkowski Decl. (D.I. 1-8) ¶ 4. This "apparent attempt to avoid or preempt an unfavorable decision on discovery by the German court" warrants denial of the application. *See Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621, 624 (8th Cir. 2016).

### c. The proposed subpoena is overbroad, intrusive, and would require Amazon to expose its confidential technical information.

*Intel* also requires courts to consider whether the proposed subpoena includes "unduly intrusive or burdensome requests." 542 U.S. at 265. If it does, the district court can and should deny the application entirely rather than embroil itself in a series of follow-on discovery disputes. *See In re App. for Disc. for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-cv-4269, 2019 WL 168828, *13 (D.N.J. Jan. 10, 2019) (district court properly refrained from narrowing overbroad requests: "[w]hen a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it.").

Here, Nokia's subpoena seeks sweeping discovery through 21 highly intrusive categories of documents, unbounded in time or scope, that concern sensitive, proprietary information and entire libraries of Amazon source code. *See generally* D.I. 1-7 (proposed subpoena). This includes, for instance, "*All Source Code for Amazon software*," "*All technical schematics or diagrams,*" and "*All technical specifications*" related to various aspects of Amazon Prime Video encoding. Amazon closely guards this competitively sensitive business information. Declaration of Bruce Li ¶¶ 3–4.

The Eighth Circuit's opinion in *Andover Healthcare* explains why court should deny such an application. There, the petitioner filed a patent infringement lawsuit in the U.S. as well as an infringement action in Germany concerning a corresponding European patent. 817 F.3d at 622. The district court denied the Section 1782 application, finding that the "'highly sensitive nature of the requested discovery, and the lack of certainty that its confidentiality can be maintained,' weighed heavily against ordering discovery." *Id.* at 623-24. The Eighth Circuit affirmed, holding that a protective order from the U.S. court would not alleviate concerns about confidentiality: "any order would have to permit disclosure to the German court at a minimum, thus leaving 3M's trade secrets at the mercy of German procedures that are unfamiliar to this court." *Id.*

The Honorable Gregory B. Williams
January 30, 2024
Page 5

Courts are particularly sensitive to these concerns when source code is at issue. For example, a court in this district rejected a Section 1782 application in which the petitioner sought to use confidential materials already produced in parallel U.S. litigation in Germany and Luxembourg. As the court observed, "a general request for the source code and related documents places a heavy burden on Respondents. Source codes are [their] most sensitive and confidential property. . . . When disclosed in U.S. litigation, extreme measures are ordered to protect their confidentiality." *Via Vadis*, 2013 WL 646236, at *3.

These concerns are heightened when considered in the context of the other factors and circumstances—i.e., Nokia's filing of this application before attempting to seek discovery in Germany and, indeed, before it had even initiated those cases through service of the complaints. *See In re Mun*, No. 22-mc-243, 2023 WL 7074016, at *5 (D. Del. Oct. 26, 2023) (denying Section 1782 application under fourth *Intel* factor where subpoena "contains requests that are unduly intrusive, burdensome, and not relevant to the parties' claims . . . [and] the Application amounts to a fishing expedition"). As a general matter, "[w]hether the intrusiveness and burdens imposed by the subpoena are truly undue is a decision that is better left to the [foreign court], as is the management of the confidentiality concerns at play." *Saint-Gobain Adfors S.A.S. v. 3M. Co.*, No. 20-mc-52, 2020 WL 6111632, at *5-6 (D. Minn. Oct. 16, 2020). The court in *Saint-Gobain Adfors* accordingly denied the application for discovery of sensitive technical materials in aid of a patent dispute, where the petitioner had not yet sought any discovery abroad. It found that "the timing of [petitioner]'s request weighs against its request for leave to serve the subpoena," noting that the courts adjudicating the foreign parent dispute were "sophisticated tribunals that are entirely capable of managing the propriety of discovery requests." *Id.* Because the foreign court was "in a better position to determine the proper scope of discovery," petitioner's suspicious rush to a U.S. court to dig up proprietary information counseled the court to deny the application. *Id.* The petitioner's "apparent preference for American-style discovery does not convince this Court that it should make its own determinations about what information will be useful in the foreign lawsuit." *Id.* This Court should reach the same result.

Amazon respectfully requests that the Court deny the application.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)