IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Nokia Technologies Oy and Alcatel Lucent SAS,

    Petitioners,

v.

Amazon.com, Inc.,

    Respondent.

Civil Action No. 1:23-cv-01395-GBW

## DECLARATION OF BENJAMIN SCHRÖER, PHD

I, Dr. Benjamin Schröer, hereby declare as follows:

1.    I am a German qualified attorney and a partner at the law firm of Hogan Lovells International LLP in Munich, Germany.  I was admitted to practice law in Germany in 2008.  I studied law at the Ludwig-Maximilians-University in Munich and passed the First State Exam in 2003.  I received my doctorate in law from the University of Bayreuth in 2009.

2.    I work primarily in Germany as a trial lawyer in the fields of patent and utility model law. I have more than fifteen years of experience in German and international patent law, and work in integrated teams with patent-law experts from various countries on a regular basis. My work spans cases covering multiple areas of technology.  I have litigated before all major German patent courts.  In addition, I regularly participate in proceedings before the European Patent Office, the German Patent and Trademark Office, and the German Federal Patent Court.  I have also been involved in some of the early litigation before the Unified Patent Court.

3.    I make this declaration in support of the opposition of Amazon.com, Inc. ("Amazon") to the application of Nokia Technologies Oy and Alcatel Lucent SAS (collectively,

"Nokia") for an order pursuant to 28 U.S.C. § 1782 granting Nokia discovery for use in a foreign proceeding.

4. German civil procedure law provides for pre-trial discovery, but the scope is more limited than discovery available in the United States.

5. In civil litigation generally, a German court can, in its discretion, order a party to the lawsuit or a third-party to provide documents in its possession under Section 142 para 1 Code of Civil Procedure (*Zivilprozessordnung*). This procedure is available for discovery of specific documents expressly referenced in the lawsuit by a party and which are relevant for the determination of the proceedings. It is in the court's discretion to order the provision of the specific document(s).

6. Additionally, Germany has adopted its own specific patent litigation discovery procedures. A patent holder can obtain production of certain documents, inspect devices or things, or inspect legal instruments in the possession of an alleged infringer if the court deems it necessary to establishing the patent holder's claims of infringement. These standards are set forth in Section 140c of the German Patent Act (*Patentgesetz*). Section 140c of the German Patent Act is designed to afford access to evidence of alleged patent infringement, taking into account the conflicting interests, including the alleged infringer's legitimate interest in protecting the confidentiality of the materials to which access it sought. An order pursuant to Section 140c of the German Patent Act is enforceable. Proceedings under Section 140c of the German Patent Act may be initiated prior to bringing an action for alleged patent infringement.

7. Exhibit 1 is a true and accurate excerpt of the Code of Civil Procedure (*Zivilprozessordnung*) provided by the Federal Ministry of Justice and the Federal Office of Justice of Germany, available in English at https://www.gesetze-im-internet.de/englisch_zpo/

englisch_zpo.html.

8. Exhibit 2 is a true and accurate excerpt of the German Patent Act (*Patentgesetz*) provided by the Federal Ministry of Justice and the Federal Office of Justice of Germany, available in English at https://www.gesetze-im-internet.de/englisch_patg/englisch_patg.html.

I make this declaration on personal knowledge and, if called as a witness, I am competent to testify. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 30, 2023

MAX BENJAMIN Schröer

Digitally signed by: MAX BENJAMIN Schröer
DN: CN = MAX BENJAMIN Schröer email = benjamin.schroeer@hoganlovells.com C = DE O = Hogan Lovells International LLP OU = OC323639
Date: 2024.01.30 16:53:45 +01'00'

Dr. Benjamin Schröer

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 30, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington DE  19801<br>*Attorneys for Petitioners* | *VIA ELECTRONIC MAIL* |
| Ryan W. Koppelman, Esquire<br>ALSTON & BIRD LLP<br>333 South Hope Street<br>16th Floor<br>Los Angeles, CA  90071<br>*Attorneys for Petitioners* | *VIA ELECTRONIC MAIL* |
| Kellen Dwyer, Esquire<br>ALSTON & BIRD LLP<br>950 F. St NW<br>Washington, DC 20009<br>*Attorneys for Petitioners* | *VIA ELECTRONIC MAIL* |
| Mary Catherine Zinsner, Esquire<br>Troutman Pepper Hamilton Sanders LLP<br>401 9th Street NW<br>Washington, DC 20009<br>*Attorneys for Petitioners* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)