# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Request from Germany*[1]<br><br>Nokia Technologies Oy and Alcatel Lucent SAS,<br><br>Petitioners,<br><br>v.<br><br>Amazon.com Inc.<br><br>Respondent. | C.A. No. 23-cv-1395-GBW |

## NOKIA'S RESPONSE TO AMAZON'S JANUARY 30, 2024 LETTER REGARDING 1782 APPLICATION

Dated: February 2, 2024

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ryan W. Koppelman (admitted *pro hac vice*)
ALSTON & BIRD
333 South Hope Street
Los Angeles, CA 90071
ryan.koppelman@alston.com

*Attorneys for Petitioners*

---

[1] The case caption in the E.D. Va. prior to the transfer of this case was *In Re: Nokia Technologies*. During transfer, it appears the caption was changed in a potentially confusing way to "In re Request from Germany." To avoid confusion, there is no "request from Germany" but instead an application under U.S. law to serve a subpoena in support of litigation in Germany.

Pursuant to 28 U.S.C. § 1782, Nokia Technologies Oy and Alcatel Lucent SAS ("Nokia") are seeking leave to serve a document subpoena on Amazon.com, Inc. ("Amazon"), to obtain specific types of Amazon technical documents that would help confirm and further evidence Amazon's infringement of three Nokia European patents. The requested documents are to be used in one currently pending patent infringement action in Germany and two contemplated patent infringement actions to be filed imminently in Germany. *See* D.I. 1 at PageID 3-5. In the pending German action, Nokia accuses Amazon of infringing one patent related to content delivery networks or "CDNs." *Id.* The contemplated German actions are specific to two Nokia patents related to video coding. *Id.* Because German patent infringement cases have comparatively fast schedules and allow injunctions, Amazon is incentivized to delay and derail fact gathering for those cases and thus perpetuate its world-wide infringement of Nokia's patents. In any event, Amazon's objections are all overstated or unsupported by the law and the facts. All statutory requirements are satisfied, and all discretionary *Intel* factors favor granting Nokia's application.

***Nokia Has Met the Statutory Requirements.*** Section 1782 authorizes issuance of a subpoena when certain statutory requirements are met. *See In re Vienna*, Misc. No. 23-mc-258-CFC, 2023 U.S. Dist. LEXIS 171349, at *6 (D. Del. Sept. 26, 2023). Among these, Amazon disputes the "for use in a foreign tribunal" requirement because Nokia allegedly "failed to establish how the information sought here will be 'used in' the nascent German proceedings." D.I. 25 at 2. Not so. By identifying *specific* features of *specific* Amazon systems that infringe *specific* Nokia EP patents, Nokia has shown in detail how the requested documents would be used in Germany.

Nokia's EP '375 Patent is directed to a feature called Merge Mode, and Nokia is seeking documents showing how Amazon implements Merge Mode in its video encoders that encode HEVC-compliant video. *See* D.I. 1 at PageID 124-128 (Req. Nos. 2, 6-14), PageID 8-11, 18-19. Nokia's EP '749 Patent is directed to a method for encoding sequences of pictures, and Nokia seeks documents showing how Amazon uses certain picture types (known as STSA or TSA) to encode HEVC-compliant video. *See id.* (Req. Nos. 2, 15-17). To further evidence Amazon's infringement, Nokia seeks unencrypted bitstreams generated by Amazon's encoders, to show how Amazon uses Merge Mode and STSA and/or TSA pictures. *See id.* (Req. Nos. 4, 5, 18). Lastly, Nokia's EP '207 Patent is directed to specially configured content storage nodes or "CSNs" in a CDN, and Nokia seeks technical documents showing how Amazon's CloudFront system uses CSNs in its CDN. *See id.* (Req. Nos. 3, 19-21). Thus, there is no mystery as to how the requested Amazon documents would be used in Germany.

In this context, Amazon misleadingly cites *In re Yilport Holding A.S.*, No. 22-cv-3028, 2023 WL 2140111, at *6 (D.N.J. Feb. 21, 2023). In *Yilport*, motions to quash and vacate a 1782 discovery order were granted mainly because the requester sought information for use in a U.S. case under the guise of 1782 discovery. *See id.* at *12-13, 16. Here, Nokia seeks discovery solely for its pending and contemplated German cases, while *Amazon* seeks to needlessly intertwine the requested 1782 discovery with discovery for pending Delaware cases. D.I. 25 at 2. This may be why Amazon pushed to transfer the 1782 action here. *See* D.I. 11 at 1-2. Amazon's latest proposal would not only confuse the German and Delaware discovery issues, but it would effectively stay the 1782 discovery, something specifically prohibited by the Stipulated Order on Transfer. *See id.* at ¶ 8. Its proposal to combine 1782 and Delaware discovery is just gamesmanship by Amazon to delay fact gathering for the German cases and should be rejected.

This Court has granted 1782 discovery for use in a contemplated foreign action where the requesting party had good reason to believe a potential defendant was about to engage in conduct that would likely infringe European patents. *See In re Vienna*, 2023 U.S. Dist. LEXIS 171349 at *3-4. Nokia's request is even stronger than *In re Vienna* because Amazon's publicly available information indicates Amazon is already infringing Nokia's European patents. *See* D.I. 1 at PageID 10. In addition, as in *In re Vienna*, Nokia has also retained German counsel for its German proceedings. *See id.* at *12. Thus, the "for use in a foreign tribunal" requirement is met here.

**The First *Intel* Factor Favors Granting Nokia's Application.** This factor relates to access to discovery in the foreign tribunal. It is satisfied even when the target is a party to the foreign proceedings when the requesting party "cannot obtain the discovery it needs" in the foreign tribunal. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011) ("*Biomet*"). The court in *Biomet* allowed 1782 discovery from a party in a foreign action because "[a] party to a German lawsuit cannot demand categories of documents from his opponent…. [a]ll he can demand are documents that he is able to identify specifically—individually, not by category." *Id.*; *Heraeus Kulzer GmbH v. Esschem, Inc.*, 390 Fed. Appx. 88, 92 (3rd Cir. 2010) ("*Esschem*") (granting 1782 application because "German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States" and because "any request to the German court must be for *specific* documents, and without access to [respondent's] files, [the petitioner] cannot pinpoint what it is seeking.") (emphasis in original); *see* D.I. 1 at PageID 132-33, ¶¶ 3-5; Supplemental Declaration of Bernhard Arnold ("Arnold Decl."), at ¶¶ 4-9. Because Nokia does not know the identity of the specific individual Amazon documents that would prove Amazon's infringement, it would be futile for Nokia to try to make such a document request, as Amazon suggests, from a German court. Accordingly, Nokia is not side-stepping any German procedures by utilizing Section 1782 here, nor is there anything even remotely abusive, as Amazon suggests, about Nokia seeking this discovery through Section 1782. *See Biomet,* 633 F.3d at 596 ("The importance of American-style discovery to [petitioner's] ability to prove misappropriation of its trade secrets by [respondent] is undeniable. *But potential for abuse? We don't see it.* [The petitioner] cannot obtain the discovery it needs in the legal system in which it sued.") (emphasis added). Therefore, the first *Intel* factor favors Nokia.

**The Second *Intel* Factor Favors Granting Nokia's Application.** The second *Intel* factor "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad" and whether the foreign tribunal is willing to consider the documents being sought. *Intel*, 542 U.S. at 264. Courts have recognized the receptiveness of German courts to the use of 1782 discovery. *See In re Ex Parte Application of Gen. Elec. Co.,* No. 1:22-cv-91125-IT, 2022 U.S. Dist. LEXIS 201177, at *17 (D. Mass. Nov. 4, 2022); *see* Arnold Decl. at ¶ 9. This factor favors granting Nokia's 1782 application, which Amazon effectively concedes by not addressing it.

**The Third *Intel* Factor Favors Granting Nokia's Application.** The third *Intel* factor considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 256 (2004). Section 1782 does not require that the requested documents be discoverable in the foreign courts. *See id.* at 243. Absent any evidence suggesting that the applicant is attempting to circumvent foreign proof-gathering restrictions, this factor weighs in favor of discovery. *See, e.g., In re Financeiros X S.A.*, No. 2:23-mc-576-RMG, 2023 U.S. Dist. LEXIS

157032, at *5-6 (D.S.C. Sept. 5, 2023). Here, German has no restrictions on proof-gathering procedures that would prohibit the requested Section 1782 discovery. *See* D.I. 1 at PageID 133, ¶ 6. In *Esschem*, a German court made special accommodations so it could receive 1782 discovery. 390 Fed. Appx. 88, 92 (3rd Cir. 2010) (finding "a textbook predicate for a successful § 1782 petition, given courts' consistently liberal interpretation of the statute and its objective 'to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws.'"). Accordingly, Amazon's assertion that Nokia "seeks to avoid the proof-gathering restrictions a German court *might* impose," (D.I. 25 at 1, 3) (emphasis added), is not only speculative, but wrong. Courts are "not required to predict what [a foreign court] would do with a request for the same discovery." *In re King Mun.*, No. 22-mc-243-MN-JLH, 2023 U.S. Dist. LEXIS 192250, at *16 (D. Del. Oct. 26, 2023). Since Germany does not have any proof-gathering restrictions on 1782 discovery, there is nothing to "circumvent." Instead, German courts are receptive to 1782 discovery even though German law does not provide such procedures. Arnold Decl. at ¶ 9. Again, use of the German procedures here would be futile and "*§ 1782 contains no requirement that the applicant first seek the desired discovery in the foreign forum*." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *16 (emphasis added). This factor favors granting Nokia's Application.

***The Fourth Intel Factor Favors Granting Nokia's Application.*** The fourth *Intel* factor considers whether to reject or trim any "unduly intrusive or burdensome requests." *Intel*, 542 U.S. at 265. Whether the document requests are appropriately tailored is assessed under Fed. R. Civ. P. 26. *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015); *Heraeus Kulzer.*, 633 F.3d at 597; *Chevron Corp.*, No. 7:10-mc-00067, 2010 U.S. Dist. LEXIS 125174, at *12 (W.D.V.A Nov. 24, 2010). As also explained above, Nokia's document requests are narrowly tailored to specific technical documents regarding Amazon's HEVC coding and CDNs. Nonetheless, Amazon complains that Nokia allegedly (i) uses broad "All Documents" requests, (ii) does not sufficiently limit them in time, and (iii) seeks highly confidential documents. None of these complaints survive scrutiny.

*First*, Nokia's requests are not formulated as "All documents relating to [X]." Rather, they seek (i) documents "sufficient to show" how Amazon implements *specific* technology (Request Nos. 1-5, 18), and (ii) specific document types such as source code, specifications, schematics, or diagrams, on how specific technologies are shown, enabled or described (Request Nos. 6-17). Such requests are not overly broad as Amazon complains. *Second*, the requests are temporally limited. Many are tied to a 2016 HEVC standard, and Nokia is not seeking documents before 2016.

*Third*, Nokia's requests for confidential technical documents are not a reason to deny the application. In *In re Apple Inc.*, the respondent raised confidentiality concerns under *Intel* factor four but the court found that confidentiality concerns "do not pertain to the intrusiveness or burdensomeness of the subpoena itself." No. MISC 12-80013 JW, 2012 U.S. Dist. LEXIS 66669, *9 (N.D. Cal. May 2, 2012). Here, Nokia has already confirmed its willingness to agree to a reasonable protective order. D.I. 1 at PageID 19-20; *see In re Gilead Pharmasset LLC*, No. 14-mc-243 (GMS), 2015 U.S. Dist. LEXIS 48720, *14 (D. Del. Apr. 14, 2015) ("[Petitioner's] offer to enter into an agreement to ensure confidentiality is persuasive, and as such, 'any concerns about confidentiality can be addressed by the appropriate protective order.'" (citing *In re Apple*, 2012 U.S. Dist. LEXIS 66669 at *3 n.9)). This final factor favors Nokia, and Nokia requests that the Court grant its application.

                    Respectfully submitted,

                    /s/ Brian E. Farnan

                    Brian E. Farnan

cc: Counsel of Record (Via E-Filing)