**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re Ex Parte Application of*<br><br>Nokia Technologies Oy and Alcatel Lucent FR,<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Civil Action No. 1:23-cv-01395-GBW |

**SUPPLEMENTAL DECLARATION OF BERNHARD ARNOLD**

I, Bernhard Arnold, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney-at-law admitted to practice in Germany. I am a partner with the law firm of Arnold Ruess and represent Nokia Technologies Oy and Alcatel Lucent FR ("Nokia") in their patent infringement disputes against Amazon.com, Inc. and its affiliates in Germany.

2. I have personal knowledge of the facts set forth herein, unless stated otherwise, and I make this declaration in support of Nokia's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings.

3. I have extensive experience with the procedural rules, including discovery rules, in the courts of Germany. I make this declaration based on my personal knowledge, legal and factual research that I have conducted or that was conducted under my supervision.

4. Overall, the concept of US pre-trial discovery from parties or third parties does not exist in German law (*Greger*, in: Zoeller, ZPO, 35th edition 2024, section 142, para. 2; *Althammer*, in Stein/Jonas, Kommentar zur Zivilprozessordnung, 23rd edition 2016, section 142, para. 9; *Schönknecht*, in GRURInt 2011, 1000 [1004]).

5.      Options of discovery under German law are thus more limited than under section 1782 discovery in the United States (see the declaration of 9 November 2023 by my colleague Tim Smentkowski, §4 and 5).

6.      Section 142 para. 1 Code of Civil Procedure (*Zivilprozessordnung* – "*ZPO*") does not provide for *pre*-trial discovery. Instead, this procedure is only available in already pending proceedings (*Fritsche*, in: Münchener Kommentar zur ZPO, 6th edition 2020, section 142-144 paras. 1 and 2). Section 142 ZPO provides that a party may request that the court order an opposing party or third party to produce only specific documents that are known to exist and are specifically identified (*Greger*, in: Zoeller, ZPO, 35th edition 2024, section 142, para. 6; German Federal Court of Justice, decision dated 27 May 2014, XI ZR 264/13, paras. 25 and 28). The requesting party must also justify the request by explaining how each specific document requested will be used to support a claim or defense in the lawsuit (German Federal Court of Justice, decision dated 26 June 2007, XI ZR 277/05, para. 20). The requesting party must therefore already have specific knowledge of both the document's existence and its content. Under Section 142 ZPO, it is not sufficient to request categories or groups of documents (*Stadler*, in: Musielak/Voit, ZPO, 20th edition 2023, section 142 para. 4a). A requesting party cannot even ask for disclosure of an entire file that is known to exist, only for disclosure of specific documents within a file (German Federal Court of Justice, decision dated 27 May 2014, XI ZR 264/13, paras. 25 and 28). In addition, an order pursuant to Section 142 ZPO is within the discretion of the court (German Federal Court of Justice, decision dated 26 June 2007, XI ZR 277/05, para. 20). Finally, even if a party is ordered to produce a specifically identified document under section 142 ZPO, German law does not provide for a mechanism to enforce the order if the party refuses to comply (German Federal Court of Justice, decision dated 26 June 2007, XI ZR 277/05, para. 20). There are no specific

punishments to compel disclosure, such as contempt of court of financial penalties. On a case-by-case basis, the court can only consider certain consequences from the refusal to disclose, such as adverse inferences (German Federal Court of Justice, decision dated 26 June 2007, XI ZR 277/05, para. 20).

7. According to Section 140c of the German Patent Act (*Patentgesetz – PatG*), a patent owner can generally obtain production of certain documents and/or inspect devices or things prior to bringing an action for patent infringement if the patent owner has established a likelihood of patent infringement. However, the patent holder needs to show that the opposing party is in possession of the document. Mere legal power of disposal over the document is not sufficient, the specific opposing party must be in actual possession of the document (*Pitz,* in: BeckOK Patentrecht, 30th edition dated 15 October 2023, section 140c, para 13). Thus, a request pursuant to section 140c PatG will not be successful if the patent owner does not know and thus cannot show which specific entity is in possession of the document. In addition, the request by the patent owner needs to be specific enough to allow doubtless identification of the documents sought; it is not enough to request complete files, entire compilations or categories of documents (*Kühnen,* Handbuch der Patentverletzung, 16th edition 2024, Chapter B, para. 76). Moreover, an order pursuant to section 140c PatG is only warranted if the patent owner has exhausted all other reasonable means to prove infringement without using section 140c PatG (*Pitz,* in: BeckOK Patentrecht, 30th edition dated 15 October 2023, section 140c, para 15). Finally, the jurisdictional reach of German courts is limited with regard to documents that are situated outside of Germany. While some German legal scholars consider it possible to compel foreign entities that are party to the national proceedings to produce documents situated outside of Germany, others deny this option (see *Stadler*, in: Musielak/Voit, ZPO, 20th edition 2023, section 363 para. 13 arguing that

compelling a foreign party to gather evidence from foreign soil would violate the sovereignty of the foreign state; see on the other hand *Bach*, in: BeckOK ZPO, 51st edition dated 1 December 2023, section 363, para. 15 arguing that the pending national proceeding constitutes a sufficient "genuine link" so that compelling production should not violate sovereignty of the foreign state). Regarding inspection of a device/thing located abroad, German courts cannot take enforcement measures on foreign soil (e.g. instructing a German bailiff to lead an inspection on foreign soil), except for when the affected foreign state agrees (*Greger*, in: Zoeller, ZPO, 35th edition 2024, section 363, para. 2). The German court would thus have to seek legal aid of the foreign state where the device/thing is located (*Grabinski/Zülch/Tochtermann,* in: Benkard, Patentgesetz, 12th edition 2023, section 140c, para. 41).

8. Therefore, Nokia most likely is not able to obtain the relevant documents from Amazon.com, Inc. under the limited German discovery options, in particular since Amazon.com, Inc. is domiciled abroad.

9. German courts are receptive to evidence obtained through foreign discovery procedures, in particular under section 1782, even though German law does not itself provide such procedures (*Dombrowski*, in: GRUR-Prax 2017, 272; *Schönknecht*, in GRURInt 2011, 1000 [1004]). No provision under German law generally prohibits the use of evidence obtained via foreign discovery procedures (*Dombrowski*, in: GRUR-Prax 2017, 272 et seq.). In one of the most important German patent law handbooks, former Judge of the Appeal Court in Düsseldorf *Kühnen* even discusses US section 1782 discovery as an important tool for clarification of facts (*Kühnen, Handbuch der Patentverletzung*, 16th edition 2024, Chapter B, para. 213, the German original wording reads: *"Ein wichtiges Aufklärungsinstrument bietet 28 USC § 1782".*). Section 1782 discovery therefore is in line with and does not circumvent German law.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of February, 2024, in Düsseldorf, Germany.

_B. Arnold_
Bernhard Arnold

**ATTORNEY FOR APPLICANT NOKIA TECHNOLOGIES OY AND ALCATEL LUCENT FR**