

April 12, 2024

**VIA E-FILING**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

   **Re:** **In Re: Request from Germany**
      <u>**C.A. No. 23-cv-1395-GBW**</u>

Dear Judge Williams,

   This action relates to the application of Nokia Technologies Oy ("Nokia Technologies") and Alcatel Lucent SAS ("Alcatel Lucent") (collectively, "Nokia") under 27 U.S.C. § 1782 to serve a subpoena on Amazon.com, Inc. ("Amazon") to obtain discovery for purposes of litigation in Germany.  Although we would rather not multiply the correspondence further, Nokia reluctantly needs to address a few items that Amazon raised, which are misleading and (in Nokia's view) violate a stipulation between the parties previously ordered by the Court.

   *First*, Nokia wrote its April 9 letter merely to notify the Court of the upcoming August deadline in Germany so the Court may consider this in handling Nokia's 1782 Application, Nokia of course being hopeful for a ruling soon. Amazon's speculation about Nokia's supposed motives for its April 9 letter is unfounded and wrong. Nokia's letter regarding its pending 1782 application was not related to Amazon's much newer proposal to file its own proposed 1782 application.

   *Second*, Nokia filed the underlying German action related to the CDN patent on November 7, 2023, and Nokia filed its 1782 Application two days later, on November 9, 2023. (D.I. 1). In contrast, Amazon has waited until now, five months later, to propose filing its own 1782 application and to halt Nokia's application on that basis. But there is no discernable link between Amazon's proposed 1782 application and Nokia's 1782 application. Nokia's pending German case asserts the CDN patent, and Nokia has not asserted an equivalent patent in the US. Therefore, it is a stretch to see how the Nokia licenses that Amazon targets from the ITC could have any bearing on the CDN patent in Germany. Furthermore, Nokia's two contemplated video encoding cases have not yet been filed, and Amazon is not the party who is contemplating filing them.

   *Third*, on March 11, 2024, Amazon requested for the first time that Nokia voluntarily agree that Amazon can use Nokia's patent license agreements in unspecified pending German cases. Amazon's outside counsel has copies of these Nokia agreements because they were produced by Nokia in a currently pending ITC investigation pursued by Nokia. Those agreements are confidential information of both Nokia and its third-party licensees. The ITC protective order says such discovery cannot be used in other proceedings, an important

protection relied upon in obtaining licensees' permission. Nonetheless, Amazon said it was considering a motion at the ITC seeking use of the license agreements in Germany. Amazon also suggested that it might file its own 1782 application, but its April 10 letter to the Court was the first time Amazon said with any certainty that: (i) Amazon would file such a 1782 application; or (ii) Amazon wanted it considered together with Nokia's 1782 application.

*Fourth*, the parties entered a stipulated order to effectuate transfer of this case from the Eastern District of Virginia, which stated, "If this Court transfers these proceedings to the U.S. District Court for the District of Delaware, Amazon agrees that it will not seek to stay these proceedings, or proceedings relating to any subpoena that may issue as a result of the Application." (D.I. 11, at ¶ 8.) But Amazon is now seeking to delay, and effectively stay, this 1782 proceeding by tying its own forthcoming 1782 application to Nokia's five-month-old application. The Court should not entertain Amazon's attempts to stay this proceeding when it previously agreed, and the Court entered an order, that it would not do so. Furthermore, Amazon's letter couches its proposal in terms of "fairness" and "efficiency," but it would be neither fair nor efficient to further delay resolution of Nokia's 1782 application based on Amazon's delay in bringing its own 1782 application, which, for the sake of fairness and efficiency, should be decided on its own schedule and own merits.

In sum, Nokia respectfully requests that the Court rule on the application at its earliest convenience understanding Your Honor's crowded docket and heavy caseload.  We are also available for a hearing at the Court's convenience if desired by the Court.


Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan


cc: Counsel of Record (Via E-Filing)