IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re Ex Parte Application of* <br><br> NOKIA TECHNOLOGIES OY <br> AND ALCATEL LUCENT <br> SAS, <br>          Applicants, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 <br> Granting Leave to Obtain Discovery for Use <br> in Foreign Proceedings. | C. A. No. 23-01395-GBW |

## MEMORANDUM ORDER

Pending before the court is an application by Petitioner Nokia Technologies Oy and Alcatel Lucent SAS ("Nokia") for an order under 28 U.S.C. § 1782 granting Nokia leave to obtain discovery from Respondent Amazon.com, Inc. ("Amazon") for use in foreign litigation. D.I. 1. For the reasons stated below, the Court denies Nokia's application.

### I.      BACKGROUND

This application arises out of Nokia's pursuit of litigation against Amazon regarding video coding techniques and digital content delivery systems. *See* D.I. 1 at 1-3. Nokia seeks discovery in (1) a currently-pending foreign patent infringement action against Amazon in Germany (the "Decoding/CDN Action"), and (2) two foreign patent infringement actions that it plans to file against Amazon in Germany in the near future (the "Encoding Actions"). *Id.* Across those three cases, Nokia alleges that Amazon infringes three patents: European Patent Nos. EP 2774375B1 and EP 2375749B1 (the "Video Coding Patents") and European Patent No. EP 2399207B1 (the "CDN Patent").

1

With respect to the Decoding/CDN Action, Nokia's § 1782 application seeks nonpublic information regarding how Amazon uses a content delivery network ("CDN") for content distribution. D.I. 1 at 2. Generally, a CDN is a "geographically distributed network of servers that allows for lower latency delivery of content." *Id.* at 8. Nokia contends that Amazon's CDN ("CloudFront") infringes the CDN Patent because Amazon publicly described CloudFront as having features that are covered by the claims of that patent. *Id.* at 9-10.

With respect to the Encoding Actions, Nokia's § 1782 application seeks information regarding how Amazon's products perform High Efficiency Video Coding (HEVC). *Id.* at 5. Generally, video coding involves "encoding" video files by compressing those files into a file format called a "bitstream" that can be stored or transmitted over a network connection. *Id.* "Decoding" is the process by which a bitstream is un-compressed for playback. *Id.* Nokia contends that Amazon Prime Video (an Amazon product) infringes the Video Coding Patents because those patents include claims that are directed to encoding and decoding video content (the "Encoding" and "Decoding" Claims, respectively) and Amazon Prime Video encodes and decodes video content. *Id.*

In the Decoding/CDN Action, Nokia asserted the Decoding Claims of the Video Coding Patents against Amazon. *Id.* at 2. In the Encoding Actions, Nokia intends to assert the Encoding Claims of those same patents against Amazon. *Id.* Nokia explained that it is often possible to determine whether a decoder infringes based on whether the decoder is HEVC-standard compliant because that standard specifies the decoding process. *Id.* at 5-6. However, determining whether an encoder infringes is more difficult because encoders are (1) not standardized, and (2) the bitstreams generated by an encoder are often encrypted, making it more difficult to examine the underlying data to determine if the bitstream infringes. *Id.* As such,

2

Nokia filed this § 1782 application to obtain data that it contends will be useful in showing how Amazon infringes the Encoding Claims.

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1782, a federal district court "may order" a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." Section 1782 provides "for assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004).

The court must assess whether the statutory requirements of § 1782 are satisfied; and, if so, determine whether the factors discussed in *Intel* weigh in favor of granting the petitioner's application. *See Pinchuk v. Chemstar Products LLC*, No. 13-mc-306-RGA, 2014 WL 2990416, at *1-2 (D. Del. June 26, 2014).

The three statutory requirements under § 1782 dictate that the party from whom discovery is sought must reside or be found in the district; the discovery must be for use in a proceeding before a foreign tribunal; and the application must be made by an interested person. *Id.*; *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-mc-193-RGA, 2013 WL 646236, at *1 (D. Del. Feb. 21, 2013).

If the statutory requirements are met, the court has discretion to grant the moving party's § 1782 application. *Intel*, 542 U.S. at 264-65 ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.") (citation omitted). The factors that inform this discretion are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the

3

character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Via Vadis Controlling*, 2013 WL 646236, at *1. The court should remain mindful of the twin aims of § 1782: (1) providing efficient assistance to participants in international litigation, and (2) encouraging foreign countries—by example—to provide similar assistance to our courts. *See id.* (citing *Intel*, 542 U.S. at 252).

## III. DISCUSSION

### A. Statutory Requirements

The parties' only dispute with respect to the statutory requirements is whether the discovery that Nokia seeks is "for use" in foreign litigation. D.I. 25 at 2. "The 'proceeding' for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel*, 542 U.S. at 243. "[A]n applicant must provide reliable indications of the likelihood that proceedings will be instituted within a reasonable time for a proceeding to be within reasonable contemplation." *In re Wei*, 2018 WL 5268125, at *2 (D. Del. Oct. 23, 2018) (internal quotation marks and citation omitted).

Amazon argues that Nokia has not met its burden to show how it intends to use the discovery it seeks in the foreign proceedings. D.I. 25 at 2. Specifically, Amazon contends that Nokia failed to explain *why* the information will be relevant to those proceedings. *Id.* The Court agrees with Amazon that Nokia has not shown that the discovery it seeks for the Encoding Actions is "for use" in foreign litigation. However, the Court finds that Nokia has shown how it intends to use the discovery it seeks for the Decoding/CDN Action.

4

With respect to the Encoding Actions, the Court finds that Nokia has not met its burden to show that the discovery it seeks is "for use" in those foreign proceedings. Specifically, the Court is concerned that Nokia is using its § 1782 petition as a fishing expedition to determine if it should pursue litigation against Amazon. In support of its contention that Amazon infringes the *Encoding* Claims, Nokia points only to Amazon's alleged infringement of the *Decoding* Claims. *See* D.I. 1 at 2, 5. Nokia argues that "Amazon infringes different claims of Nokia's video coding patents in different ways" because Amazon engages in both encoding and decoding of video content. *Id.* Accordingly, Nokia seeks documents that show how Amazon (1) uses certain picture types to encode HEVC-compliant video, and (2) implements "Merge Mode" in its video encoders that encode HEVC-compliant video. D.I. 30.

Nokia failed to explain, however, why Amazon's alleged infringement of the Decoding Claims makes it more likely that Amazon infringes the Encoding Claims through use of those picture types or by implementation of that mode. Indeed, Nokia explained that the "HEVC standard *does not* specify an encoding process." *Id.* at 5 (emphasis added). As a result, the Court is not convinced that Amazon's alleged infringement of the Decoding Claims provides Nokia a basis to seek § 1782 discovery to determine whether Amazon infringes the Encoding Claims. Accordingly, the Court is concerned that Nokia's § 1782 application is merely a fishing expedition to determine whether the Encoding Actions it plans to file will be viable. As such, the Court finds that Nokia has not met its burden to show that its request for discovery is "for use" in that proceeding. *See Ayyash v. Crowe Horwath LLP*, 2018 WL 2976017 (S.D.N.Y. June 13, 2018) (denying application for failure to meet the "for use" requirement or, alternatively, as a matter of the court's discretion, expressing that the court in that case was "concerned that [the

applicant] is using the § 1782 petition as a fishing expedition to determine if it should pursue litigation").

With respect to the Decoding/CDN Action, Nokia identified a specific Amazon product, CloudFront, that it believes infringes the CDN Patent. Nokia also explained that Amazon's description of certain features of that product in its own public documentation shows how CloudFront infringes the CDN Patent. D.I. 1 at 8-10. Specifically, Nokia contends that Amazon's use of CloudFront for Amazon Prime Video to handle regional edge caches in video on demand (VOD) streaming is in-line with the claims of the CDN Patent, which are directed to "improvements to content distribution services [], specifically through the use of specially configured content storage nodes." *Id.* Accordingly, the Court finds that Nokia has sufficiently shown that the information it seeks related to CloudFront is "for use" in the Decoding/CDN Action.

**B.     Discretionary Factors**

With respect to the discovery that Nokia seeks related to CloudFront, the Court declines to exercise its discretion to grant Nokia's application for § 1782 discovery. The Court need not consider whether it should exercise its discretion to permit discovery into how Amazon's products perform HEVC encoding because the Court found that Nokia has not met its burden to show that such discovery is "for use" in a foreign proceeding. In any event, the Court would decline to exercise its discretion to grant that petition even if Nokia had met the statutory requirements.

Factor 1 weighs against granting Nokia's petition. Amazon is a defendant in the currently-pending Decoding/CDN Action and would also be a defendant in the Encoding Actions. D.I. 25 at 3. As the Supreme Court stated in *Intel*, "when the person from whom

6

discovery is sought is a participant in the foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*, 542 U.S. at 244. Amazon is subject to the jurisdiction of the German courts and those courts may order Amazon to produce whatever evidence their laws require. *Via Vadis Controlling GmbH v. Skype, Inc.*, 2013 WL 646236, at *2 (D. Del. Feb. 21, 2013).

Factor 2 weighs in favor of granting Nokia's petition. As the party opposing discovery under § 1782, Amazon bears the "burden of demonstrating offense to the foreign jurisdiction." *Chevron*, 633 F.3d at 163 (citing *Bayer AG*, 173 F.3d at 190). In this case, Amazon has not identified any authority that suggests that Germany would have a general objection to U.S. judicial assistance. Indeed, German courts have previously considered evidence obtained pursuant to § 1782. *See In re Gen. Elec. Co.*, 2022 WL 16720425, at *6 (D. Mass. Nov. 4, 2022); *see also Via Vadis*, 2013 WL 646236 at *3.

Factor 3 weighs slightly against granting Nokia's petition. Amazon argues that Nokia's request is an attempt to circumvent proof-gathering restrictions in the German courts because Nokia has not requested discovery from Amazon in those proceedings. D.I. 25 at 3-4. However, Nokia explained that German discovery procedures require a party to request specific documents by name—which Nokia contends it cannot do as it does not know what documents would prove Amazon's infringement. D.I. 30 at 2. Accordingly, Nokia contends that it has no available mechanism to obtain the discovery it seeks in Germany. *Id.*

It is not a prerequisite for a § 1782 applicant to exhaust all potential discovery procedures in the foreign proceedings in order to obtain a federal court's assistance under the statute. *See Euromepa S.A.*, 51 F.3d at 1098. Even so, "a perception that an applicant has 'side-stepped'

7

less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C–07–5944–SC, 2013 WL 183944, at *3 (N.D.Cal. Jan. 17, 2013) (citing *In re Application of Caratube Int'l Oil Co., LLP*, 730 F.Supp.2d 101, 107–8 (D.D.C.2010). "Put differently, the § 1782 applicant's conduct in the foreign forum is not irrelevant." *In re IPC Do Nordeste, LTDA*, No. 12–50624, 2012 WL 4448886, at *9 (E.D.Mich. Sept. 25, 2012).

As Nokia explained in its briefing why it believes it cannot receive the discovery it seeks in Germany, the Court is not convinced that Nokia's request is "tainted by a surreptitious effort to bypass foreign discovery rules." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 92 (3d Cir. 2010). However, the Court also notes that Nokia has not attempted to seek any discovery from Amazon in Germany—including in the action that is already pending before that court. D.I. 25 at 1. On balance, the Court finds that Nokia's failure to attempt discovery in Germany indicates an attempt to circumvent the German courts' discovery rules, but not a "surreptitious" effort to do so. Thus, the Court finds that this factor weighs slightly against granting Nokia's application. *See In re Application of Gilead Pharmasset LLC*, 2015 WL 1903957, at 4-5 (D. Del. Apr. 14, 2015).

Factor 4 weighs against granting Nokia's petition. Under the fourth *Intel* factor, a § 1782 request may be "rejected or trimmed" if the court finds the § 1782 request to be "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Nokia argues that its discovery request is narrowly tailored because its request (1) is limited to specific types of documents, and (2) only seeks documents "sufficient to show" how Amazon implements certain technologies. D.I. 30 at 3. The Court, however, finds that Nokia's request is unduly intrusive and burdensome for Amazon. Among other types of documents, Nokia requests the source code for various features

8

of Amazon's CDN CloudFront. *See* D.I. 1, Ex. 7 at 12. Source codes are "sensitive and confidential property" and, "when disclosed in U.S. litigation, extreme measures are ordered to protect their confidentiality." *Via Vadis*, 2013 WL 646236 at *3. As such, this factor weighs against Nokia's request for discovery.

Accordingly, having considered all of the *Intel* factors, the Court exercises its discretion to deny Nokia's application for the reasons stated above.

## IV. CONCLUSION

\* \* \*

WHEREFORE, at Wilmington this 18th day of April, 2024, **IT IS HEREBY ORDERED** that:

1. Nokia's Application for leave to obtain foreign discovery under § 1782 is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE